UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, a foreign insurer;<br><br>Plaintiff,<br><br>v.<br><br>AIDAN ISRAEL, an individual; CHALSE OKOROM, an individual; MIGUEL A. LOPEZ, an individual; MIGGY MOVER, LCC, a Washington Limited Liability Company,<br><br>Defendants. | No. 2:23-cv-510-JNW<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

In accordance with Federal Rule of Civil Procedure 26(f), Local Civil Rule 16, and the Court's Order regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 21), United Financial Casualty Company (UFCC), as well as Aidan Israel and Chalse Okorom (collectively, the "Underlying Plaintiffs"), by and through their counsel of record, met via telephone conference on September 6, 2023, to confer in this regard, and now submit the following Joint Status Report and Discovery Plan. Miguel A. Lopez was invited to confer regarding the Joint Status Report but was not responsive. Shortly after the meeting between counsel for UFCC and

Underlying Plaintiffs, Mr. Lopez called counsel for UFCC to confer. Miggy Mover, LLC remains unrepresented at this time.

**1.  Nature and Complexity of the Case.**

This claim arises out of an insurance dispute. UFCC issued a Commercial Auto Insurance Policy to Miggy Mover, LLC (Miggy), policy no. 04056149-0 for effective dates September 16, 2021–September 16, 2022 (the "Policy").

On January 8, 2023, the Underlying Plaintiffs filed suit against Miggy and Mr. Lopez in the matter entitled, *Aidan Israel and Chalse Okorom v. Miggy Mover LLC and Miguel A Lopez*, Court, Case No. 23-2-00337-3 SEA (the "Underlying Lawsuit"). The Underlying Plaintiffs seek damages from Miggy and Miguel Lopez. UFCC is defending Miggy under a Reservation of Rights.

UFCC filed this matter on April 4, 2023, requesting a judicial determination that the Policy does not provide coverage for the Subject Loss.

**2.  Proposed Deadline for Joining Additional Parties.**

The Parties reserve the right to amend the pleadings or seek joinder under the applicable court rules to add additional Parties. Although the Parties do not anticipate joining additional Parties, the proposed deadline for joining additional Parties is sixty (60) days from the date of this report.

**3.  Magistrate Jurisdiction.**

The Parties do not consent to a Magistrate jurisdiction.

**4.  Proposed Discovery Plan, Pursuant to Fed. R. Civ. P. 26(f)(3):**

<u>**UFCC's Statement**</u>: A FRCP 26(f) conference was held on September 6, 2023. Counsel for UFCC met and conferred with Miguel Lopez and counsel for Aidan Israel and Chalse Okorom in separate calls.

**Aidan Israel's and Chalse Okorom's Statement**: A FRCP 26(f) conference was scheduled for September 6, 2023 by UFCC, and all parties were given notice of the conference time and location. Counsel for UFCC and counsel for Mr. Israel and Ms. Okorom participated in the conference, but Miguel Lopez, who is pro se, and Miggy Mover, LLC, who is not represented, did not attend. On September 21, 2023, counsel for Mr. Israel and Ms. Okorom was informed by counsel for UFCC that on September 6, Mr. Lopez called UFCC's counsel after the scheduled conference time and discussed the Joint Status Report with UFCC's counsel.

**(A)    Initial Disclosures.**

Pursuant to FRCP 6(a) and by Order of this Court, the Parties will provide their Initial Disclosures to each other on or before September 14, 2023.

**(B)    Subjects, Timing, and Potential Phasing of Discovery.**

The Parties reserve the right to conduct discovery as permitted under the applicable court rules.

The Parties each believe the other will act in good faith to manage discovery to minimize expense to the litigants, including utilizing electronic means whenever possible. The Parties will accept service of discovery and the production of documents via electronic means. For the purposes of accepting electronic production and discovery requests, including deposition notices of Parties, the Parties propose the following service list:

| Party | Counsel Contact Info |
|---|---|
| UFCC | Tom Lether<br>Eric Neal<br>Lether Law Group<br>1848 Westlake Ave N., Suite 100<br>Seattle, WA 98109<br>(206) 467-5444<br>TLether@LetherLaw.com<br>ENeal@LetherLaw.com |

| | |
|---|---|
| Miggy Mover, LLC | Unrepresented |
| Miguel A. Lopez | Pro Se<br>Miguel A. Lopez<br>16840 156th Ave SE<br>Yelm, WA 98597<br>425-340-1746<br>Miggy@MiggyMover.com |
| Chalse Okorom | Sam Leonard<br>Leonard Law, PLLC<br>9030 35th Ave SW, STE 100<br>Seattle, WA 98126<br>P: 206-486-1175/F: 206-458-6028<br>Sam@SeattleDebtDefense.com |
| Aidan Israel | Sam Leonard<br>Leonard Law, PLLC<br>9030 35th Ave SW, STE 100<br>Seattle, WA 98126<br>P: 206-486-1175/F: 206-458-6028<br>Sam@SeattleDebtDefense.com |

**(C)    Electronically Stored Information.**

The Parties do not anticipate that this case will involve an excess of electronically stored information. However, the Parties agree to produce any additional electronically stored information in a readable electronic format, including a ".pst" of ".pdf" file or similar file of responsive emails, and ".pdf" for other documents. Meta-data for electronically stored information will not be removed, altered, or "scrubbed".

**Counsel for Underlying Plaintiffs, Aidan Israel and Chalse Okorom, requests the following provision**: "Documents provided electronically, shall be made available for inspection in their original format and form upon request of any party within 10 days of any request".

UFCC objects to this provision as vague and ambiguous. In its compliance with WAC 284.30.350, UFCC may not maintain files in their "original format." The Parties reserve the right to present this issue to the Court to the extent an actual issue or controversy arises.

**(D)    Privilege Issues.**

The Parties agree that any claims of privilege or of protection as trial preparation materials will be made at the time of production and will be accompanied by a privilege log. The Parties suggest no changes to the limitations on discovery imposed under the federal and local civil rules. This is subject to change by agreement of the Parties at a later date.

**(E)    Proposed Limitations on Discovery.**

The Parties do not currently propose any modification to the discovery limitations contained in the Federal and Local Civil Rules but preserve the right to request modifications as necessary. The Parties agree to meet and confer regarding anticipated depositions but at this time agree to allow for the maximum number of depositions set forth under the Federal Rules of Civil Procedure.

The Parties reserve their rights to seek leave for additional depositions under FRCP 31(a)(2)(A)(i).

**(F)    The Need for Any Discovery Related Order.**

**UFCC's Position**: The Plaintiff does not request that the Court enter any other discovery-related orders at this time but preserves the right to do so as necessary.

**Underlying Plaintiffs Aidan Israel's and Chalse Okorom's Position**: Underlying Plaintiffs believe that an order staying discovery pending resolution of the underlying actions is appropriate. Counsel for Aidan Israel and Chalse Okorom have concerns regarding the ethics of communicating directly with Miguel Lopez who is pro se in this case when he is the defendant in

the underlying action where he is represented by counsel and the two cases raise many of the same legal and factual issues. Counsel for Mr. Lopez have communicated that they also have concerns but cannot represent Mr. Lopez in this case.

**5.    Items Set Forth in LCR 26(f)(1), the Parties Make the Following Discovery Plan:**

**(A)    Prompt Case Resolution.**

The Parties agree to discuss mediation prior to the trial date. The Parties have no additional suggestions at this time for shortening or simplifying the case.

**(B)    Alternative Dispute Resolution.**

The Parties believe that mediation is the appropriate method of ADR for this case and may be appropriate after further discovery.

**(C)    Related Case.**

There are no related cases currently pending in any court or in arbitration other than the underlying action.

**(D)    Discovery Management.**

The Parties believe they will act in good faith to manage discovery to minimize expense to the litigants, including utilizing electronic means whenever possible. The Parties will accept service of discovery and the production of documents via electronic files saved onto compact discs, thumb drives, secure electronic file sharing platforms, or comparable electronic storage devices. To the extent possible, all electronic files shall be produced in PDF, and searchable (OCR) format. Counsel for Underlying Plaintiffs, Aidan Israel, and Chalse Okorom requested the following provision: "Documents provided electronically, shall be made available for inspection in their original format and form upon request of any party within 10 days of any request". UFCC objects to this provision as vague and ambiguous. In its compliance with WAC 284.30.350, UFCC may

not maintain files in the "original format." The Parties reserve the right to present this issue to the Court to the extent an actual issue or controversy arises.

### (E) Anticipated Discovery Sought.

The Parties reserve the right to conduct discovery as permitted under the applicable court rules.

### (F) Phasing Motions.

The Parties do not believe that any motion phasing is necessary for this case. The Parties reserve the right to bring dispositive motions in accordance with the applicable court rules.

### (G) Preservation of Discoverable Information.

The Parties agree to preserve all discoverable information. The Parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

### (H) Privilege Issues.

The Parties agree that inadvertently produced information will be returned to the party that inadvertently produced it and that the receiving party will promptly destroy all such information. If an issue arises as to whether information was inadvertently produced, the Parties agree that such information will not be used until the Court is able to decide whether the information was in fact inadvertently produced and should be returned. The remaining issues regarding privilege will be addressed as outlined in 3.d., above

### (I) Model Protocol for Discovery of ESI.

The Parties agree to abide by the terms of the Model Protocol for the discovery of electronically stored information.

### (J) Alternatives to Model Protocol.

Not at this time.

**6.    Date by Which Discovery can be Completed.**

The Parties propose close of discovery to occur approximately 120 days before the trial date, or whenever this Court generally sets a discovery cutoff, with a dispositive motion deadline 90 days before the trial.

**7.    Bifurcation.**

The Parties reserve the right to request bifurcation of issues by notice to the other no less than 60 days prior to trial.

**8.    Pre-Trial Statement and Pre-Trial Orders:**

The Parties agree that the pre-trial statements and pre-trial order should not be dispensed with in whole or in part at this time. The Parties will re-evaluate this issue after a sufficient amount of discovery has occurred.

**9.    Shortening or Simplifying Trial:**

The Parties do not propose any special methods to shorten or simplify the case for trial.

**10.    Date the case will be ready for trial:**

The Parties agree that this matter will be prepared for trial for trial in August 2024.

**11.    Jury Demand:**

No request for Jury Demand has been made at this time.

**12.    Number of trial days required.**

The Parties estimate 4 days will be needed for trial.

**13.    Names, addresses, and telephone numbers of all trial counsel.**

**Plaintiff UFCC:**

Thomas Lether
Eric Neal
tlether@letherlaw.com

eneal@letherlaw.com
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
Phone: (206)-467-5444
Fax: (206)-467-5544

**Defendant Miggy Mover, LLC:**

None at this time.

**Defendant Miguel A. Lopez:**

Pro Se
Miguel A. Lopez
16840 158th Ave. SE
Yelm, WA 98597
Phone: 425-340-1746
Miggy@MiggyMover.com

**Defendant for Aidan Israel and Chalse Okorom:**

Sam Leonard
Leonard Law, PLLC
9030 35th Ave SW, STE 100
Seattle, WA 98126
Phone: 206-486-1175
Fax: 206-458-6028
Sam@SeattleDebtDefense.com

**14.    Trial Date Complications:**

Parties currently have no conflicts with the trial date as currently proposed. Counsel agree to timely advise the Court of future conflicts, if any.

**15.    Service on all Defendants.**

Defendant Aidan Israel has waived service on April 21, 2023 (Dkt. 5). Defendant and Chalse Okorom has also waived service (Dkt. 6). Defendant Miggy Mover LLC has been served on May 2, 2023 (Dkt. 7). Defendant Miguel A. Lopez is in the process of being served.

**16.    Scheduling Conference.**

The Parties do not request a scheduling conference.

**17.    Dates of filing corporate disclosures.**

Plaintiff's Corporate Disclosure Statement was filed on April 4, 2023 (Dkt. 2). Plaintiff's Rule 7.1 Diversity Disclosure Statement was filed on April 4, 2023 (Dkt. 3).

No defendant has filed a Corporate Disclosure Statement. Defendant Aidan Israel's and Chalse Okorom's Rule 7.1 Diversity Statement was filed on June 2, 2023 (Dkt. 12). Defendant Miguel Lopez and Miggy Mover, LLC have not filed a Rule 7.1 Diversity Statement.

DATED this 21st day of September 2023.

LETHER LAW GROUP

/s/ Eric Neal
Thomas Lether, WSBA #18089
Eric Neal, WSBA #31863
1848 Westlake Ave N., STE 100
Seattle, WA 98109
P: 206-467-5444/F: 206-467-5544
tlether@letherlaw.com
eneal@letherlaw.com
*Counsel for Plaintiff*

LEONARD LAW, PLLC

/s/ Sam Leonard
Sam Leonard, WSBA #46498
9030 35th Ave SW, STE 100
Seattle, WA 98126
P: 206-486-1175/F: 206-458-6028
Sam@SeattleDebtDefense.com
*Counsel for Defendants
Aidan Israel and Chalse Okorom*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the penalty of perjury under the laws of the United States of America that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the following party(ies):

> Miguel A. Lopez
> 16840 158th Ave. SE
> Yelm, WA 98597
> Miggy@MiggyMover.com
> Mlopez@HGIRedmond.com
> *Pro Se Defendant*
>
> Sam Leonard
> Leonard Law, PLLC
> 9030 35th Ave SW, STE 100
> Seattle, WA 98126
> Sam@SeattleDebtDefense.com
> *Counsel for Underlying Plaintiffs*

**By:**   [ ] **First Class Mail**   [X] **E-Service/Email**   [ ] **Legal Messenger**

DATED this 21st day of September 2023 at Seattle, Washington.

*/s/ Judy Tustison*
Judy Tustison | Paralegal

JOINT STATUS REPORT – 11