UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>v.<br><br>AIDAN ISRAEL, an individual; CHALSE OKOROM, an individual; MIGUEL A. LOPEZ, an individual; and MIGGY MOVER LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 2:23-cv-510<br><br>ORDER ON PLAINTIFF'S MOTION FOR AN EXTENSION AND FOR LEAVE TO SERVE BY MAIL |

This matter comes before the Court on Plaintiff United Financial Casualty Company's motion to extend the service deadline and to serve Defendant Miguel A. Lopez by mail. Dkt. No. 19. Having considered United Financial's motion and the relevant record, the Court extends the service deadline nunc pro tunc, but DENIES without prejudice United Financial's motion to serve Lopez by mail.

## BACKGROUND

United Financial filed its complaint on April 4, 2023, but has, so far, failed to serve Lopez with a summons.[1] During April 2023, United Financial's process servers tried to serve

---

[1] United Financial filed an Affidavit of Service of Summons and Complaint on Miguel A. Lopez on June 29, 2023, identifying a Yelm, Washington, address as the location of service. Dkt. No. 18. But the individual served informed United Financial that he is not the owner of Miggy Mover LLC, and thus, not the target of this lawsuit. Dkt. No. 20 at 2 ¶ 4. United Financial neither argues nor suggests that the person served was in fact Defendant Miguel A. Lopez or that Lopez resides at the Yelm address. Therefore, the Affidavit of Service is erroneous.

ORDER ON PLAINTIFF'S MOTION FOR AN EXTENSION AND FOR LEAVE TO SERVE BY MAIL - 1

Lopez five times at 15510 Heidi Ln SE, Tenino, Washington. Dkt. Nos. 20-2 at 2; 20-3 at 5–6. Four times, the process servers claim they were denied access to the address due to its location in a gated community. Dkt. Nos. 20-2 at 2; 20-3 at 6. In his Declaration of Non-Service, the process server states he "spoke with Miguel A. Lopez" on April 25, 2023, but he "[w]ould not give . . . [his] new address." Dkt. No. 20-2 at 2. In his Declaration of Non-Service, the process server also states he "[t]alked to defendant on [the] phone" and confirmed he "no longer lives at [the 15510 Heidi Ln SE] address." *Id.*

United Financial's process servers then attempted three times to serve Lopez at his business, Miggy Mover LLC, at 14205 SE 36th St., Bellevue, Washington. Dkt. No. 20-4 at 2. According to one process server, a Miggy Mover employee told him Lopez had moved to a different location. *Id.* A process server investigated Lopez's "whereabouts and was unable to obtain any additional information or addresses[.]" Dkt. No. 20 at 3 ¶ 12.

United Financial also emailed Lopez on June 19 and June 28, 2023, requesting that he waive service. Dkt. Nos. 20 at 2 ¶ 8; 20-5. There is no indication in the record whether Lopez has responded to this request.

United Financial moves to enlarge the time allotted to complete personal service of Lopez and for leave to serve him by mail. Dkt. No. 19.

**DISCUSSION**

**1.   The Court extends the deadline for Plaintiff to personally serve Lopez.**

A plaintiff must serve a defendant with a summons and complaint within 90 days after filing their complaint. Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." *Id.* "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

ORDER ON PLAINTIFF'S MOTION FOR AN EXTENSION AND FOR LEAVE TO SERVE BY MAIL - 2

Here, United Financial attempted to serve Lopez at least eight times where he, at one time, lived and worked. *See* Dkt. Nos. 20-2 at 2; 20-3 at 5–6; 20-4 at 2. This shows diligence on the part of United Financial in trying to personally serve Lopez before the service deadline. Moreover, rather than allowing the deadline to lapse, United Financial sought relief from the Court beforehand, which further demonstrates its diligence. Finally, Lopez's refusal to provide address information to United Financial's process server or to United Financial suggests that he may be purposefully evading service. Accordingly, the Court finds good cause for an extension of time and enlarges the service deadline nunc pro tunc to November 1, 2023.

**2.      Plaintiff fails to justify service by mail.**

A plaintiff may serve a defendant in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).[2] Here, United Financial requests leave to serve Lopez by mail.

Washington law permits service of summons by mail in circumstances justifying service by publication.

> In circumstances justifying service by publication, if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication, the court may order that service be made . . . by mailing copies of the summons and other process to the party to be served at the party's last known address or any other address determined by the court to be appropriate.

Washington CR 4(d)(4). "Because service by mail is allowed only when service by publication would also be authorized, the plaintiff must make the same showing of due diligence, and the

---

[2] In its motion, United Financial suggests it can use the alternatives to personal service outlined in Fed. R. Civ. P. 5. But Rule 4 "governs the commencement of an action and the service of process." While "Rule 5, in turn, governs service of 'every pleading subsequent to the original complaint[.]" *Emp. Painters' Tr. v. Ethan Enter., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007). Thus, Universal Financial's argument plainly runs counter to the Civil Rules.

ORDER ON PLAINTIFF'S MOTION FOR AN EXTENSION AND FOR LEAVE TO SERVE BY MAIL - 3

same showing of the defendant's intent, that would be required for service by publication." 14 Douglas J. Ende, Wash. Prac. § 8:30 (3d ed. 2023). *See also Hoffman v. Connall*, 718 P.2d 814, 817 (Wash. Ct. App. 1986) (reversed on other grounds by 736 P.2d 242 (Wash. 1987)) (holding that service of process was ineffective because "[n]one of the situations listed in [RCW 4.28.100], justifying service by publication, were asserted").

Washington law authorizes service of summons by publication "[w]hen the defendant, being a resident of [Washington], . . . avoid[s] the service of a summons, or keeps himself or herself concealed therein with like intent." RCW 4.28.100(2). Because "[s]ervice by publication . . . is in derogation of the common law and cannot be used when personal service is possible[,]" the plaintiff must show diligent efforts to locate the defendant and provide evidence of the defendant's intent to conceal themselves. *Rodriguez v. James-Jackson*, 111 P.3d 271, 274–75 (Wash. Ct. App. 2005); *see also Bruff v. Main*, 943 P.2d 295, 297 (Wash. Ct. App. 1997) ("In order to perfect service by publication, the [plaintiffs] were required to set forth facts supporting a conclusion that [the defendant] . . . was concealing himself with intent to . . . avoid service of process[;] . . . a bare recitation of the statutory factors required . . . is insufficient.").

In this case, United Financial has diligently tried to serve Lopez, and the facts suggest that he may be purposefully hiding from service of process. United Financial hired process servicers who tried to serve Lopez at his former home and work addresses eight times and, when a process server spoke to Lopez, he refused to provide an updated address. Dkt. No. 20-2 at 2. That said, Universal Financial has not provided an affidavit or other evidence establishing that service by mail is just as likely to give notice Lopez notice as service by publication, as required by Washington CR 4(d)(4). Indeed, declarations by Universal Financial's process servers state Lopez has moved and no longer lives or works at the two addresses Plaintiff proposes for service by mail—15510 Heidi Ln SE, Tenino, Washington and 14205 SE 36th St., Bellevue,

ORDER ON PLAINTIFF'S MOTION FOR AN EXTENSION AND FOR LEAVE TO SERVE BY MAIL - 4

Washington. *See* Dkt. Nos. 19 at 5; 20-2 at 2; 20-4 at 2. Under these circumstances, the record before the Court demonstrates that service by mail is unlikely to reach Lopez at these addresses. Accordingly, the Court DENIES without prejudice Plaintiff's motion for leave to serve Lopez by mail.

**3.     Lopez's pro se appearance does not change the Court's analysis.**

On May 24, 2023, Lopez submitted a document to the Court requesting to represent himself. Dkt. No. 9. Lopez has not submitted any other documents to the Court. Universal Financial does not raise this issue, but the Court notes a defendant's actual knowledge of a suit does not generally waive personal service requirements. Federal courts have generally held a defendant's actual notice of the litigation does not cure defects in service. *See Mid-Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) ("[I]t is well recognized that a 'defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements.'") (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)); *Ermels v. Shoreline Sch. Dist.*, No. 220CV00893RAJBAT, 2021 WL 2582449, at *3 (W.D. Wash. Jan. 12, 2021). Similarly, under Washington law, an appearance by the defendant does not necessarily dispense with the requirement of service of process. *See* 14 Douglas J. Ende, Wash. Prac. § 8:1 (3d ed. 2023); Washington CR 4(d)(5) ("A voluntary appearance of a defendant does not preclude the defendant's right to challenge . . . insufficiency of process[.]").

## CONCLUSION

Accordingly, the Court GRANTS Plaintiff's motion to extend the deadline to serve Miguel Lopez to November 1, 2023, but DENIES without prejudice Plaintiff's motion for leave to serve by mail.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at that party's last known address.

ORDER ON PLAINTIFF'S MOTION FOR AN EXTENSION AND FOR LEAVE TO SERVE BY MAIL - 5

Dated this 27th day of September, 2023.

Jamal N. Whitehead
United States District Judge