UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, a foreign insurer,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>AIDAN ISRAEL, an individual; CHALSE OKOROM, an individual; MIGUEL A. LOPEZ, an individual; MIGGY MOVER LLC, a Washington Limited Liability Company,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cv-510<br><br>ORDER DENYING DEFENDANTS ISRAEL AND OKOROM'S MOTION TO DISMISS OR STAY |

This lawsuit is about insurance coverage. Plaintiff United Financial Casualty Company ("UFCC") seeks a declaratory judgment that it has no duty to defend or indemnify Defendants Miggy Mover LLC or its owner, Defendant Miguel Lopez (together, "Miggy"), in an underlying lawsuit brought by Defendants Aidan Israel and Chalse Okorom against Miggy Mover and Lopez. Dkt. No. 1. Israel and Okorom (together, "Defendants") move to dismiss or stay this action, arguing the Court lacks subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons discussed below, the Court DENIES Defendants' motion.

ORDER - 1

# 1. BACKGROUND

Israel and Okorom hired Miggy to move their personal belongings to their new home in Seattle. Dkt. No. 1 ¶ 4.3. After Miggy loaded their things onto its delivery truck, a dispute broke out between the parties about the amount owed. *Id.* ¶¶ 4.5-4.7. Miggy refused to deliver Israel and Okorom's personal belongings to their new home, and it placed their belongings in a storage unit instead. *Id.* ¶ 4.8. Miggy threw away some of their belongings and sold other items to offset the amounts allegedly owed. *Id.* ¶¶ 4.8-4.9.

Israel and Okorom sued Miggy in King County Superior Court ("Underlying Action"), alleging tort, statutory, and contractual claims and claiming $1 million in damages. *Id.* ¶ 4.11; *see* Dkt. No. 24 at 4–9.

UFCC insured Miggy under AutoCoverage, Commercial General Liability, and Motor Truck Cargo insurance policies. *Id.* ¶ 4.12. But UFCC filed this declaratory judgment action, alleging it does not owe a duty to defend or indemnify Miggy in the Underlying Action. *Id.* ¶ 1.1.

Israel and Okorom now move to dismiss UFCC's complaint for failure to state a claim. They also argue, in the alternative, that the Court should exercise its discretion to dismiss or stay the case.

# 2. DISCUSSION

**2.1    UFCC satisfies the "case or controversy" requirement and thus establishes the Court's subject matter jurisdiction.**

Defendants argue that UFCC's "complaint is nothing more than an ask [sic] for an advisory opinion" because UFCC "does not identify the specific claims in the

ORDER - 2

[Underlying Action] that are subject to not being covered under the specific exclusions and definitions," which UFCC highlights in its complaint. Dkt. No. 23 at 12. According to Defendants, "UFCC must allege an adverse position has been taken with regard to coverage of specific claims because of specific definitions and exclusions" to establish a case in controversy and the Court's subject matter jurisdiction. *Id.* at 11. And that UFCC's claims are "not ripe because no judgment has been entered or settlement agreed to in the [Underlying Action]." *Id.* at 12. UFCC argues that Defendants are simply wrong about the law. *See* Dkt. No. 25 at 8-9.

The Uniform Declaratory Judgment Act states that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III," and "must also fulfill statutory jurisdictional prerequisites." *Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (citing *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239-40 (1937); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672, (1950)). An "actual controversy" exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotation marks omitted).

The Ninth Circuit, however, "has consistently held that a dispute between an insurer and an insured 'over the duties imposed by an insurance contract' satisfies the case or controversy requirement of Article III." *Lamar Co., LLC. v. Cont'l Cas. Co.*, No. CV-05-320-AAM, 2006 WL 1210228, at *7 (E.D. Wash. May 4, 2006) (internal citation omitted). For example, in *Am. States Ins. Co. v. Kearns*, the Ninth Circuit held that "in a declaratory judgment action brought to determine a duty to defend or to indemnify, the court may exercise jurisdiction." 15 F.3d 142, 144 (9th Cir. 1994). The *Kearns* court also held that "there is no per se rule against the district court exercising its jurisdiction to resolve an insurance coverage dispute when the underlying liability suit is pending in state court." *Id.* at 145.

UFCC seeks a determination that it does not owe a duty to defend or indemnify Miggy. In fact, this is the only relief sought, and Defendants do not dispute the nature of UFCC's sole claim. Thus, the Court finds that Plaintiff has adequately pleaded a case or controversy establishing the Court's jurisdiction. The Court need not address Defendants' related ripeness argument since "ripeness" and the case-or-controversy requirement often "boil down to the same thing" in declaratory judgment actions. *MedImmune,* 549 U.S. at 128 n.8.

Having addressed the threshold jurisdictional issue, the Court turns to Defendants' remaining arguments. *See Khalaj v. United States,* 474 F. Supp. 3d 1029, 1033 (D. Ariz. 2020) ("When a motion to dismiss is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first because the other grounds will become moot if the court lacks subject matter jurisdiction.").

**2.2     UFCC has stated a claim upon which relief may be granted.**

Defendants argue that UFCC fails to state a claim upon which relief can be granted. Their argument is convoluted, but is apparently premised on the notion that UFCC has a duty to defend Miggy in the Underlying Action because Israel and Okorom's claims against Miggy are conceivably covered by a UFCC policy. Dkt. No. 23 at 7-9. And that no set of facts would "absolve UFCC of its duty to defend" in the Underlying Action, because, they claim, Washington law requires UFCC to defend against all claims if even one claim is covered. *Id.* at 9.

Defendants' arguments lack merit. First, Defendants conflate UFCC's duty to defend Miggy under a reservation of rights with the ultimate issue of whether coverage exists. Indeed, "[t]he procedure to follow when coverage is uncertain is to defend under [a] reservation of rights and seek a declaratory judgment regarding the issue of coverage. Where the declaratory judgment action determines there is no coverage, … the insurer … may withdraw from the defense of the insured…." *Canal Indem. Co. v. Adair Homes, Inc.,* 737 F. Supp. 2d 1294, 1303 (W.D. Wash. 2010), *aff'd,* 445 F. App'x 938 (9th Cir. 2011).

Second, the Court will grant a motion to dismiss for failure to state a claim only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan,* 5 F.4th 964, 968 (9th Cir. 2021).

ORDER - 5

UFCC has pleaded sufficient factual allegations and identified specific provisions, definitions, and exemptions within the subject policies that make plausible its claims that coverage is not owed. For instance, UFCC sets forth portions of the subject policies about exclusions for "bodily injury" or property damage that follow from intentional acts, and it alleges facts showing that Miggy's acts were voluntary and willful. In this way, UFCC avoids the type of "conclusory allegations of law and unwarranted inferences [that] are insufficient to defeat a motion to dismiss." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted).

Finally, Washington law is not so clear about whether UFCC has a duty to defend Miggy against all of Israel and Okorom's claims if there is even a single covered claim. In Washington, "'mixed' lawsuits involving both covered and uncovered claims do not require the insurer to defend the entire lawsuit if an 'effective means exists for prorating the costs of defense between the claims for which the defendant insurer provided no coverage from those which it did cover.'" *Travelers Prop. Cas. Co. of Am. v. Nw. Pipe Co.*, No. C17-5098 BHS, 2017 WL 3085754, at *2 (W.D. Wash. July 20, 2017) (citing *Nat'l Steel Constr. Co. v. Nat'l Union Fire Ins. Co.*, 543 P.2d 642, 644 (1975)); *see Bordeaux, Inc. v. Am. Safety Ins. Co.*, 186 P.3d 1188, 1193 (Wash. 2008) ("No right of allocation exists for the defense of non-covered claims that are 'reasonably related' to the defense of covered claims."). But if there is no reasonable means of prorating the defense costs between covered and uncovered losses, the insurer may be liable for the full cost of defense. *See Puget Sound Power & Light Co. v. Great Am. Ins. Co.*, 51 F.3d 282 (9th Cir.

1995). The Court need not decide the issue, however, because the Court's inquiry at this early stage of the case is limited to whether UFCC has stated a plausible claim for relief. And as discussed earlier, the Court finds that UFCC has stated a plausible claim that there is no coverage for the claims against Miggy. So any discussion about covered and uncovered claims and prorating or allocating defense costs is premature.

**2.3    The Court will not exercise its discretion to abstain or stay the case.**

Defendants argue that even if the Court does not dismiss the complaint, it should exercise its discretion to decline jurisdiction or stay the case nevertheless. Dkt. No. 23 at 13-19. UFCC urges the Court to proceed with the litigation.

District courts possess "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies the subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). They may exercise this discretion to dismiss, abstain, or stay a federal action. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). The court's discretion in this is guided by the *Brillhart* factors. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942); *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-287 (1995) (holding that the *Brillhart* factors govern a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings).

The *Brillhart* factors include avoiding needless determinations of state law, discouraging forum-shopping, and avoiding parallel litigation in federal and state

ORDER - 7

court. *Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). "Essentially, the district court 'must balance concerns of judicial administration, comity, and fairness to litigants.'" *Kearns*, 15 F.3d at 144 (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir.1991)). Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. Even so, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225.

All three *Brillhart* factors weigh against declining jurisdiction or staying the case. To start, UFCC's action does not present any novel legal issues or require the Court to make needless determinations of state law issues. Instead, the Court can consider the coverage issue separate from the merits of the Underlying Action. *See Allstate Prop. & Cas. Ins. Co. v. Plautz*, No. 2:22-CV-00068-BAT, 2022 WL 1591556, at *5 (W.D. Wash. May 19, 2022) ("[T]his District regularly interprets insurance policies under Washington law to determine an insurer's obligations to its insured. And an insurer's duty to defend is evaluated based on the allegations contained in the liability action complaint, not on a claimant's ultimate liability.").

Next, UFCC is not a party to the Underlying Action, nor has it filed any related actions, so it cannot be said that UFCC is simply searching for a court that will treat its claims favorably. Thus, the second *Brillhart* factor weighs against the Court declining to exercise its jurisdiction or staying the case, since forum-shopping is not a concern.

ORDER - 8

Finally, the legal issues here do not overlap—or parallel—the claims presented in the Underlying Action. Claims are parallel if there are "state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed…." *Dizol*, 133 F.3d at 1225. UFCC seeks a declaratory judgment that it does not owe a duty to defend or indemnify Miggy under the insurance policies at issue. Construing policy coverage is a matter of contract interpretation under state law. *See Hawn v. State Farm Mut. Auto. Ins. Co.,* 768 F. Supp. 293, 298 (E.D. Wash. 1991) (holding Washington law guided the interpretation of insurance contracts). In contrast, the plaintiff in the Underlying Action seeks money damages for property loss and personal injury under the Washington Consumer Protection Act, various tort theories, and for breach of contract between Miggy and Okorom and Israel. *See* Dkt. No. 24 at 4-12. As a result, this Court would not be asked to decide any legal or factual issues commenting on the Underlying Action's merits, and the opposite is true—the state court action does not involve UFCC or the litigation of insurance coverage issues.

Accordingly, the Court will not exercise its discretion to decline jurisdiction or stay this case. While it may be "inconvenient" for Defendants to litigate in two courts simultaneously, it would be "equally inconvenient" for UFCC to defend Miggy against state court claims that this Court may later determine are not covered by the subject policies. *Evanston Ins. Co. v. Workland & Witherspoon, PLLC*, No. 2:14-CV-193-RMP, 2014 WL 4715879, at *7 (E.D. Wash. Sept. 22, 2014).

### 3. CONCLUSION

In sum, the Court DENIES Defendants Israel and Okorom's motion to dismiss the case. Plaintiff UFCC has stated an actual case in controversy and it has stated a claim upon which relief can be granted. The Court declines to exercise its discretion to decline jurisdiction or to stay the litigation.

Dated this 23rd day of January, 2024.

Jamal N. Whitehead
United States District Judge