THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AIDAN ISRAEL, an individual; CHALSE OKOROM, an individual; MIGUEL A LOPEZ, an individual; MIGGY MOVER, LLC, a Washington Limited Liability Company,<br><br>Defendants. | Case No.: 2:23-cv-510-JNW<br><br>AIDAN ISRAEL'S AND CHALSE OKOROM'S RESPONSE TO UNITED FINANCIAL CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT |

## I.   INTRODUCTION AND RELIEF REQUESTED

Defendants Aidan Israel and Chalse Okorom request the Court deny United Financial Casualty Company's (UFCC) Motion for Default Judgment.

## II.   RELEVANT FACTS

UFCC filed this action to avoid liability for claims Defendants Aidan Israel and Chalse Okorom asserted against Miggy Mover, LLC and Miguel A. Lopez in the King County Superior Court case *Aidan Israel and Chalse Okorom v. Miggy Mover, LLC and Miguel A. Lopez*, Case No. 23-2-00337-3. Dkt. No. 1. Mr. Israel, Ms. Okorom, Mr. Lopez and Miggy Mover, LLC are the named defendants in this case. Dkt. No. 1. Defendants Israel, Okorom and Lopez have

RESPONSE TO UNITED FINANCIAL CASUALTY
COMPANY'S MOTION FOR DEFAULT JUDGEMENT - 1
CS. NO. 2:23-CV-510-JNW

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

appeared. Dkt. Nos. 9 & 11. Miggy Mover, LLC has not appeared. The Court entered a Default Order against Miggy Mover, LLC for failing to appear. Dkt. No. 32.

Defendants Israel and Okorom moved to dismiss or stay this case pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6). Dkt. No. 23. They argued, *inter alia*, that UFCC failed to allege facts that would absolve it of its duty to defend and indemnify Miggy Mover, LLC and Miguel Lopez against Mr. Israel's and Ms. Okorom's negligence claims. *Id*. The Court denied defendant Israel's and Okorom's Motion to Dismiss or Stay on January 23, 2024. Dkt. No. 35. The Court ruled, in part, that Miggy had alleged facts sufficient to make plausible its claims that it owes no duty of coverage to Mr. Lopez and Miggy Mover, LLC. *Id*. UFCC filed the instant Motion for Default Judgment January 30, 2024 and noted it for hearing the same day. Dkt. No. 36.[1] Defendant Israel's and Defendant Okorom's Answers to the Complaint are now due February 6, 2024. Fed. R. Civ. P. 12(a)(4)(A).

### III.   ARGUMENT

**A.   Legal Standard**

Entry of a default judgment is left to the sound discretion of a district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgments are generally disfavored, and cases should be decided on their merits where possible. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). A default judgment can only be entered once an order of default has been entered. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (explaining that obtaining a default judgment is a two-step process).

---

[1] In its motion, UFCC fails to cite a court rule or another authority which would entitle it to a default judgment.

RESPONSE TO UNITED FINANCIAL CASUALTY
COMPANY'S MOTION FOR DEFAULT JUDGEMENT - 2
CS. NO. 2:23-CV-510-JNW

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

In exercising its discretion on a motion for default judgment, courts consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72. "[W]here there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of a final judgment, let alone a judgment fatal to the interests of other parties." *Westchester*, 585 F.3d at 1189.

**B.   Entry of a Default Judgment Is Not Appropriate Because Mr. Israel and Ms. Okorom Have Appeared and Are Defending Against UFCC's Claims.**

In a declaratory action seeking a finding that an insurer has no duty to indemnify or defend a policy holder, a default judgment should not be entered where an injured party has appeared and is defending against the insurer's claim. *Westchester*, 585 F.3d at 1185-90.

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants.

*Frow v. De La Vega*, 82 U.S. 552, 554 61, 21 L.Ed. 60 (1872) (quoted in *Westchester*, 585 F.3d at 1189).

This case is materially identical to *Westchester* and the same result is appropriate. In *Westchester*, Westchester Fire Insurance ("Westchester") brought a declaratory action against its insured, Phil Mendez, seeking a finding that it had no duty to indemnify or defend Mr. Mendez under a commercial general liability policy. *Westchester*, 585 F.3d at 1185-86. Mr. Mendez had been sued by Northwest Airlines ("Northwest"), who claimed that Mendez's employee had damaged a Northwest airplane. *Id*. Northwest intervened in the declaratory action and opposed a

RESPONSE TO UNITED FINANCIAL CASUALTY
COMPANY'S MOTION FOR DEFAULT JUDGEMENT - 3
CS. NO. 2:23-CV-510-JNW

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

finding the Westchester had no duty to indemnify Mendez. *Id*. During the course of litigation, Mendez did not answer an amended complaint and failed to appear at multiple scheduled depositions. *Id*. at 1186-87. Westchester moved for a default judgment against Mendez, asking for a ruling in its favor on the merits. The district court, granting Westchester the relief it sought, ruled that because Northwest was a party to the suit the default judgment was binding upon it:

> The Court will not exempt Northwest from the effects of a default judgment against Mendez because no authority supports such an exemption. No duty to intervene exists, and a decision not to intervene does not expose a non-party to a proceeding's preclusive effects. *Kourtis v. Cameron*, 419 F.3d 989, 998 (9th Cir. 2005). But, if a party chooses to intervene, a grant of intervention makes the intervenor a full party. Comm'rs Court of Medina *County, Tex. v. United States*, 683 F.2d 435, 440-41, 221 U.S. App. D.C. 116 (D.C. Cir. 1982). And, a party is bound by a judgment in litigation. *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S. Ct. 115, 85 L. Ed. 22 (1940))

*Id*. at 1187 (quoting *Westchester Fire Ins. Co. v. Mendez*, No. 2:05-CV-01417-PMP (RJJ), 2007 U.S. Dist. LEXIS 113838, at *11 (D. Nev. Nov. 2, 2007)).

The Ninth Circuit vacated the district court's default judgment, explaining that a default judgment should not be entered because the injured party had appeared and sought to defend:

> A default entered against an insured policyholder, Mendez, should not prevent an injured third party, in this instance Northwest, from proceeding on its own behalf. The argument for permitting another party to proceed is especially powerful in the context of third-party liability insurance, where the insured may lose interest and the injured party has the primary motivation to pursue the claim. In so holding, we join at least two other circuits.
>
> *       *       *
>
> Default was not entered against Northwest, so there is no valid basis to deny it the opportunity to try to defend against Westchester's claim for declaratory relief.

*Westchester*, 585 F.3d at 1189-90. The Ninth Circuit noted that Westchester may prevail on the merits, but that issue was not appropriately decided on the motion for a default judgment. *Id*.

Here, UFCC seeks a default judgment against Miggy Mover, LLC finding that it has no

RESPONSE TO UNITED FINANCIAL CASUALTY
COMPANY'S MOTION FOR DEFAULT JUDGEMENT - 4
CS. NO. 2:23-CV-510-JNW

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

duty to defend or indemnify its insured against the claims of the injured parties, Mr. Israel and Ms. Okorom. Dkt. # 36. Like Northwest in *Westchester*, Mr. Israel and Ms. Okorom are parties to this declaratory action and are vigorously defending against the insurer's attempt to obtain declaratory relief and dispute it is entitled to the relief it seeks. *See* Dkt. # 23-28. Under the precedent of *Westchester*, Miggy Mover, LLC's, failure to defend itself should not prejudice Mr. Israel, Ms. Okorom's and Mr. Lopez's right to defend themselves and the Court should deny UFCC's motion for default judgment. *See Westchester*, 585 F.3d at 1189-90; *see also Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1165 (C.D. Cal. 2010); *Or. Mut. Ins. Co. v. Reed*, No. C17-1814 TSZ, 2022 U.S. Dist. LEXIS 10782, at *5 (W.D. Wash. Jan. 19, 2022) ("A default entered against an insured policyholder …should not prevent an injured third party …from proceeding on its own behalf") (quoting *Westchester*, 585 F.3d at 1189).

### IV.   CONCLUSION

For the forgoing reasons, Plaintiffs request the Court deny UFCC's Motion for Default Judgment against Miggy Mover, LLC.

*The undersigned certifies that this memorandum contains 1311 words, in compliance with the Local Civil Rules.*

DATED January 31, 2024

/s/ Sam Leonard
Sam Leonard WSBA #46498
Leonard Law, PLLC
9030 35th Ave SW, Ste. 100
Seattle, Washington 98126
Telephone: 206-486-1176
Fax: 206-458-6028
Email: sam@seattledebtdefense.com
*Attorney for Defendants Aidan Israel and Chalse Okorom*

RESPONSE TO UNITED FINANCIAL CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGEMENT - 5
CS. NO. 2:23-CV-510-JNW

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028