Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, a foreign insurer;<br><br>               Plaintiff,<br>v.<br>AIDAN ISRAEL, an individual; CHALSE OKOROM, an individual; MIGUEL A. LOPEZ, an individual; MIGGY MOVER LLC, a Washington Limited Liability Company;<br>               Defendants. | No. 2:23-cv-510-JNW<br><br>**UNITED FINANCIAL CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR: 04/19/2024**<br><br>**ORAL ARGUMENT REQUESTED** |

United Financial Casualty Company (UFCC) submits the following Motion for Summary Judgment against Aidan Israel and Chalse Okorom (together, the "Claimants") and Miguel A. Lopez (Lopez).

### I. INTRODUCTION AND RELIEF REQUESTED

UFCC seeks a determination from this Court that coverage is not available to its named insured, Miggy Mover LLC (Miggy), for the claims asserted against it in the matter entitled *Israel v. Miggy Mover,* King County Cause No. 23-2-00337-3 (the "Underlying Lawsuit"). The Claimants, who are the plaintiffs in the Underlying Lawsuit, allege that Miggy failed to deliver or

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 1
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

return their personal property during the performance of a moving contract. The policy of insurance issued by UFCC does not provide coverage for the claims asserted in the Underlying Lawsuit. Even if coverage did somehow attach to the subject loss in the Underlying Lawsuit, multiple policy exclusions still preclude coverage. There is no dispute—and Claimants cannot show otherwise—that coverage is not available to Miggy for the claims asserted against it in the Underlying Lawsuit. Therefore, UFCC requests that this Court grant summary judgment against Lopez and the Claimants.

## II.    FACTS

### A.    The Subject Loss and Underlying Lawsuit

Lopez is the principal/owner of Miggy. ECF No. 15, p. 5. In June of 2022, the Claimants hired Miggy to move their personal belongings from their old apartment to the new apartment. *Id.* The Underlying Lawsuit alleges the following regarding the move against Miggy:

> 3.7    While Plaintiffs' personal belongings were in transit, Miggy called Plaintiffs and demanded they pay additional fees. Numerous times, Miggy also attempted to charge Mr. Israel's credit card amounts that Mr. Israel never agreed to pay. When Plaintiffs refused to pay additional fees, Miggy refused to return Plaintiffs (sic) personal belongings. Instead of returning Plaintiffs' personal belongings, Miggy told Plaintiffs that they had disposed of some of Plaintiffs' personal belongings at the Factoria dump.
>
> 3.8    Miggy also sold some of Plaintiffs' personal belongings online.
>
> . . .
>
> 3.10   Miggy never delivered or returned a majority of Plaintiffs' personal belongings.

ECF No. 15, p. 6.

UFCC is defending both Miggy and Lopez in the Underlying Lawsuit pursuant to an express reservation of rights. ECF No. 26-2.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 2
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

**B.     The UFCC Policy**

UFCC issued a Commercial Auto Coverage Policy to Miggy, policy number 04056149-0 (eff. 9/16/21-9/16/22) (the "UFCC Policy"). Lopez is a rated driver on the UFCC Policy. The UFCC Policy includes a commercial auto, commercial general liability (CGL), and cargo coverage parts.

    **1.     The Commercial Auto Coverage Part**

The Commercial Auto Coverage Part includes the following Insuring Agreement:

> Subject to the Limits of Liability, . . . **we** will pay damages… for **bodily injury**, **property damage**… for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**….

Dkt. at 26-1, Policy Form 6912 WA (02/19).

> 1.     "**Accident**" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage**.

*Id.*

The Commercial Auto Coverage Part contains the following exclusions:

> 1.     **Expected or Intended Injury**
>
> **Bodily Injury** or **property damage** either expected by or caused intentionally by or at the direction of any insured. . . .
>
> 7.     **Care, Custody or Control**
>
> **Property damage** to, towing or removal expense for… any property owned by, rented to, being transported by, used by, or in the care, custody or control of any **insured**. . .

*Id.*

    **2.     The CGL Coverage Part**

The CGL Coverage Part contains the following Insuring Agreement:

> a.     **We** will pay those sums . . . that the **insured** becomes legally

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 3
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend the **insured** against any **suit** seeking those damages. However, we will have no duty to defend the **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. . .

  b. This insurance applies to **bodily injury** and **property damage** only if:

    (1) The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**….

ECF No. 26-1, Policy Form Z433 WA (07/08).

  2. "**Auto**" means a land motor vehicle or **trailer** designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged….

  3. "**Bodily Injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

ECF No. 26-1, Policy Form 6912 WA (02/19).

  6. "**Impaired Property**" means tangible property, other than **your product** or **your work**, that cannot be used or is less useful than intended by its manufacturer or designer because:

    . . .

    b. You have failed to fulfill the terms of a contract or agreement;

  If such property can be restored to use by:

    . . .

    b. Your fulfilling the terms of the contract or agreement

  . . .

  10. "**Occurrence**" means an **accident**, happening or event,

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 4
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

including continuous repeated exposure to substantially the same general harmful conditions.

ECF No. 26-1, Policy Form Z433 WA (07/08).

The CGL Coverage Part also contains the following relevant exclusions:

    **a.**    **Expected or Intended Injury**

        **Bodily injury** or **property damage** expected or intended from the standpoint of any **insured**….

. . .

    **f.**    **Aircraft, Auto or Watercraft**

        **Bodily injury** or **property damage** arising out of:

        (1)    The ownership, maintenance, use, or entrustment to others of any aircraft, **auto** or watercraft owned or operated by or rented, leased or loaned to any **insured**…

. . .

        Use includes operation and **loading or unloading**.

        This exclusion applies even if the claims against any **insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **insured**, if the occurrence which caused the **bodily injury** or **property damage** involved the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or watercraft that is owned or operated by or rented or loaned to any **insured**.

. . .

    **h.**    **Damage to Property**

        **Property damage** to:
        . . .
        (4)    Personal property in the care, custody or control of the **insured**.

. . .

    **k.**    **Damage to Impaired Property or Property Not Physically Injured**

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 5
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1           **Property damage** to **impaired property** or property that has not been physically injured, arising out of:

          . . .

          (2)     A delay or failure by **you** or anyone acting on **your** behalf to perform a contract or agreement in accordance with its terms.

ECF No. 26-1, Policy Form Z433 WA (07/08).

     **3.**     **The Cargo Coverage Part**

The Cargo Coverage Part includes the following Insuring Agreement:

          Subject to the Limit of Liability, if **you** pay the premium for this Motor Truck Cargo Legal Liability Coverage, **we** will pay for the direct physical **loss** to **covered property** that **you** are legally liable to pay as a **trucker** under a written: bill of lading, tariff document, rate confirmation sheet, shipping receipt, or contract of carriage. . .

          1.     while **in due course of transit** in, on, or attached to an **insured auto**;

          . . .

ECF No. 26-1, Policy Form Z434 WA (02/19).

          5.     "**In due course of transit**" means being shipped from the time **you** assume exclusive physical custody and control of the **covered property** for the purpose of the actual movement of **covered property** from the point of shipment bound for a specific destination and ending when one of the following first occurs:

          a.     the **covered property** is accepted by, or on behalf of, the consignee at the intended destination;

          b.     the **covered property** is accepted by, or on behalf of, the consignee at any intermediate point short of reaching the original intended destination;

          c.     72 hours after arrival at destination; or

          d.     any other stop that exceeds 72 hours.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 6
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

> **In due course of transit** includes ordinary and necessary stops, interruptions, delays, or transfers incidental to the route and method of shipment.

*Id*.

The Cargo Coverage part contains the following relevant exclusions:

> e. **Criminal, Fraudulent, or Dishonest Acts**
>
> Criminal, fraudulent, dishonest, or illegal acts alone or in collusion with another, whether or not such acts occurred during regular hours of employment, by:
>
> (i) **you**;
>
> . . .
>
> h. **Voluntary Parting, Nondelivery, Mysterious Disappearance**
>
> (i) Voluntary parting with title to, or possession of, the property due to fraudulent scheme, trick, or false pretense;
>
> (ii) Nondelivery or misdelivery;

ECF No. 26-1, Policy Form Z434 WA (02/19).

## C. Procedural Posture

UFCC initiated this matter on April 4, 2023. ECF No. 1. On September 27, 2023, default was entered against Miggy. ECF No. 32. On January 1, 2024, UFCC moved for default judgment against Miggy. ECF No. 36. This motion is currently pending before the Court.

### III. LEGAL ARGUMENT

## A. Summary Judgment Standard

Summary judgment is appropriate when the moving party shows there is no genuine issue of material fact. Fed. R. Civ. P. 56. Once the moving party has shown that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to show

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 7
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1  otherwise. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986). The opposing party must set forth specific facts to demonstrate that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(e). Mere allegation and speculation alone do not create a factual dispute for purposes of summary judgment. *Nelson v. Pima Cmty, Coll.*, 83 F.3d 1075, 1081-1082 (1996), quoting *Witherow v. Paff,* 52 F.3d 264, 266 (9th Cir. 1995).

A motion for summary judgment should be granted whenever the party opposing the motion "fails to … establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "In such a situation, there is no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*.

**B.**     **Washington Law Regarding Policy Construction and Interpretation**

In Washington State, insurance policies are construed as contracts. *Findlay v. United Pac. Ins. Co.*, 129 Wn.2d 368, 378, 917 P.2d 116 (1996). It is the obligation of a court to enforce the terms and conditions of the policy as written. *See Id.* Interpretation of an insurance policy is a question of law. *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 424, 38 P.3d 322 (2002).

Definitions provided in the policy are controlling. *Overton,* 145 Wn.2d at 427. However, if a term is left undefined, it is given the plain and ordinary meaning found in a Standard English dictionary. *Id.* at 428; *See also Queen City Farms v. Cent. Nat'l Ins.*, 126 Wn.2d 50, 77, 882 P.2d 703 (1994). A court may deviate from this general rule only if the policy language is determined to be ambiguous or if there are conflicting terms in the policy. *Stanley v. SAFECO Ins. Co. of Am.*, 109 Wn.2d 738, 741, 747 P.2d 1091 (1988). An ambiguity exists only if the term or provision is reasonably susceptible to two meanings. *Id*. Simply because the policy is confusing or difficult to read does not render the policy ambiguous. *McDonald*, 119 Wn.2d at 734. The terms of a policy

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 8
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

are given a fair and reasonable construction that would be given to the contract by the average person buying insurance. *Id.* at 733.

C. **Coverage Is Not Available Under the Commercial Auto Coverage Part**

    1. **The Commercial Auto Insuring Agreement Does Not Attach to the Subject Loss**

The UFCC Policy's Commercial Auto Coverage Part provides coverage for amounts that Miggy is legally liable to pay for damage arising from an "accident". The term "accident" is defined as a sudden, unexpected, and unintended event. ECF No. 26-1, Policy Form 6912 (02/19). The term "accident" is not ambiguous. Rather, Washington courts have consistently held that an accident is never present when a deliberate act is performed. *Unigard Mut. Ins. Co. v. Spokane Sch. Dist. No. 81*, 20 Wn. App. 261, 264 (Wash. Ct. App., 1978).

The subject loss does not arise out of a motor vehicle accident in the first place. Rather, the Underlying Lawsuit states that Miggy's conduct was intentional. The Claimants allege that Miggy intentionally stored their personal belongings in a storage unit, or otherwise sold the belongings online, as a result of Claimants' non-payment to Miggy for the moving contract. ECF No. 15, p. 6. Miggy's actions were neither unexpected, nor unintended. Because the Claimants do not allege than an "accident" took place, the Commercial Auto Coverage Part does not attach to the subject loss.

    2. **Commercial Auto Exclusions Otherwise Exclude Coverage**

Even if the Commercial Auto Coverage insuring agreement was somehow implicated, the Commercial Auto Exclusions would preclude coverage. The Expected or Intended Injury exclusion specifically excludes coverage for property damage that was expected by or caused intentionally by the insured. ECF No. 26-1, Policy Form 6912 (02/19). Once more, it is clear that Miggy intentionally deprived Claimants of their personal belongings and reasonably expected to

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 9
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

cause damage. ECF No. 15, p. 6. Therefore, the Expected or Intended Injury exclusion precludes coverage for the subject loss.

The Commercial Auto Coverage Part also excludes coverage for property damage to property in the care, custody, or control of the insured. ECF No. 26-1, Policy Form 6912 (02/19). The Care, Custody or Control exclusion states that property damage to any property being transported by the insured is not covered. The Underlying Lawsuit specifically alleges claims arising out of property in the care, custody, or control of Miggy:

> 3.7 While Plaintiffs' personal belongings were in transit, Miggy called Plaintiffs and demanded they pay additional fees. Numerous times, Miggy also attempted to charge Mr. Israel's credit card amounts that Mr. Israel never agreed to pay. When Plaintiffs refused to pay additional fees, Miggy refused to return Plaintiffs (sic) personal belongings. **Instead of returning Plaintiffs' personal belongings, Miggy told Plaintiffs that they had disposed of some of Plaintiffs' personal belongings at the Factoria dump**.
>
> 3.8 **Miggy also sold some of Plaintiffs' personal belongings online**.
> . . .
> 3.10 **Miggy never delivered or returned a majority of Plaintiffs' personal belongings**.

ECF No. 15, p. 6 (emphasis added).

Based on the allegations set forth in the Underlying Lawsuit, there is no dispute that Miggy was transporting Claimants' personal belongings when the property damage occurred. Therefore, the Care, Custody or Control exclusion precludes coverage for the subject loss. For the reasons stated above, coverage is unavailable to Miggy under the Commercial Auto Coverage Part.

D. **Coverage Is Not Available Under the CGL Coverage Part**

  1. **The CGL Insuring Agreement Does Not Attach to the Subject Loss**

The CGL Coverage Part provides coverage for amounts that an insured is liable to pay

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 10
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1  because of damage caused by an "occurrence". "Occurrence" is defined as an accident. ECF No. 26-1, Policy Form Z433 (07/08). Washington courts have held that whether an event constitutes an accident under a CGL policy is determined objectively. *United Servs. Auto. Ass'n v. Speed*, 179 Wn. App. 184, 198 (Wash. Ct. App. 2014). Moreover, Washington courts have repeatedly held that the insured's deliberate conduct does not constitute an accident. *Id.* "Either an incident is an accident or it is not." *Id.*, quoting *Roller v. Stonewall Ins. Co.,* 115 Wn.2d 679, 685 (1990).

Once more, the Underlying Lawsuit alleges that Miggy intentionally stored or sold the Claimants' personal belongings because the Claimants' refused to pay Miggy for moving fees. ECF No. 15, p. 6. The claims against Miggy do not involve an accident or "occurrence" because Miggy's conduct was intentional at all times. For these reasons, the CGL Coverage Part does not attach to the subject loss.

**2.    The CGL Exclusions Otherwise Exclude Coverage**

Even if the CGL Insuring Agreement did somehow apply, multiple CGL Exclusions preclude coverage. The Expected or Intended Injury exclusion states that coverage is not available to "bodily injury or property damage expected or intended from the standpoint of the insured." ECF No. 26-1, Policy Form Z433 (07/08). The term "bodily injury" is defined in the UFCC Policy as bodily harm, sickness, or disease. ECF No. 26-1, Policy Form 6912 WA (02/19). The term "property damage" in the CGL Coverage Part is defined as "physical injury to tangible property, including <u>*all resulting loss of use*</u> of that property." ECF No. 26-1, Policy Form Z433 (07/08) (emphasis added). As discussed above, it is alleged that Miggy intentionally failed to return Claimants' personal belongings as a result of Claimants' alleged non-payment. ECF No. 15, p. 5. The resulting loss of use of Claimants' belongings constitutes intentional property damage by Miggy. As a result, the Expected or Intended Exclusion precludes coverage under the CGL

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 11
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1  Coverage Part for the subject loss.

2  The CGL Coverage Part also contains an Aircraft, Auto or Watercraft exclusion for bodily injury or property damage arising out of "the ownership, maintenance, use, or entrustment to others of any… auto… owned or operated by… any insured". ECF No. 26-1, Policy Form Z433 (07/08). The policy language specifics that this exclusion applies even if the claims set forth against the insured allege "negligence or other wrongdoing in the <u>supervision, hiring, employment, training or monitoring of others by that insured</u>" when the property damage involved the ownership, maintenance, use, or entrustment to others of any auto that is owned by an insured. *Id*. (emphasis added). An "auto" is defined in the UFCC Policy as a land motor vehicle or trailer designed for travel on public roads. ECF No. 26-1, Policy Form 6912 WA (02/19). The Underlying Lawsuit alleges that property damage occurred to the Claimants' personal belongings while in transit on Miggy's moving truck. It is further alleged that Mr. Lopez directed the actions of Miggy's employees, including the increased service fees and "directing employees to dispose of Plaintiff's [sic] belongings, and directing or directing [sic] participating in the sale of Plaintiffs' personal belongings." ECF No. 15, p. 6. Because the claims asserted in the Underlying Lawsuit allege that bodily injury or property damage occurred and arose out of the use of an auto, coverage will be excluded. Moreover, to the extent bodily injury or property damage occurred and arose out of any negligence or wrongdoing in the supervision, hiring, employment, training, or monitoring of others by Miggy, the Aircraft, Auto or Watercraft exclusion specifically precludes coverage.

Additionally, the CGL Coverage Part contains a Property Damage exclusion for personal property in the "care, custody or control of the insured". ECF No. 26-1, Policy Form Z433 (07/08). Washington courts have long interpreted "care, custody or control" to mean "where the property damaged is under the supervision of the insured and is a necessary element of the work involved,

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 12
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

the property is in the 'care, custody, or control' of the insured." *Madden v. Vitamilk Dairy*, 59 Wn.2d 237, 239 (Wash. 1961). Exclusions for property damaged while "in the care, custody or control" of the insured have been held unambiguous. *Id.; see also Wada v. Nationwide Mut. Ins. Co.*, 42 Wn. App. 433, 435-436 (Wash. Ct. App., 1985). The Underlying Lawsuit alleges that property damage occurred while in transit during the performance of a moving contract when Claimants' personal belongings were in the care, custody, and control of Miggy while in transit. This transport of Claimants' personal belongings was a necessary element to the moving services that Miggy agreed to perform. Because the claims asserted in the Underlying Lawsuit involve damage to the Claimants' personal property while in Miggy's "care, custody or control", coverage is excluded.

Lastly, the CGL Policy Part contains an exclusion for Damage to Impaired Property or Property Not Physically Injured. This exclusion precludes coverage for property damage to "impaired property" arising out of "a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms." ECF No. 26-1, Policy Form Z433 WA (07/08). "Impaired property" means tangible property that cannot be used because "you have failed to fulfill the terms of a contract or agreement," and when that property can be restored to use by "your fulfilling the terms of the contract or agreement". *Id*. The alleged loss of Claimants' personal belongings constitutes "impaired property" because Claimants could no longer use their tangible property after Miggy failed to fulfill the terms of the moving agreement. Moreover, Claimants' property could have been restored to use had Miggy fulfilled the terms of the moving agreement. To the extent that there was property damage to Claimants' property due to Miggy's failure to fulfill the terms of a contract or agreement, coverage is not available under the CGL Policy Part.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 13
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

E.  **Coverage Is Not Available Under the Cargo Coverage Part**

   1.  **The Cargo Insuring Agreement Does Not Attach to the Subject Loss**

The Cargo Coverage Part provides coverage for damages that Miggy is legally liable to pay for damage to property in due course of transit. "In due course of transit" is defined as property being shipped from the time that Miggy assumed control of the property until the property is delivered to its intended location. The term "in due course of transit" also includes ordinary and necessary stops, interruptions, and delays. ECF No. 26-1, Policy Form Z434 (02/19).

Based on the allegations in the Underlying Lawsuit, Miggy had assumed control of Claimants' property for the purpose of transporting that property to an agreed-upon and intended location. Miggy allegedly, without permission, stored Claimants' property in a storage unit, sold the property, or discarded the property in the Factoria Dump. ECF No. 15, p. 6. Because the storage unit and the Factoria Dump were not ordinary or necessary stops for delivery to the intended location, the Claimants' personal belongings were not "in due course of transit" at either the storage facility or the Factoria Dump. As a result, because the Claimants' property was not "in due course of transit", the Cargo Coverage Part does not attach to the subject loss.

   2.  **The Cargo Coverage Part Exclusions Otherwise Exclude Coverage**

The Cargo Coverage Part specifically excludes coverage for damage to property caused by criminal, fraudulent, dishonest, or illegal acts of an insured. ECF No. 26-1, Policy Form Z434 (02/19). Washington caselaw is clear that criminal conduct involving malicious intent to commit harm to property will support the denial of coverage. *Webb v. USAA Cas. Ins. Co.*, 12 Wn. App. 2d 433, 462 (Wash. Ct. App., 2020), citing *Allstate v. Raynor*, 143 Wn.2d 469, 477 (Wash., 2001); *see also Van Riper v. Constitutional Gov't League*, 1 Wn.2d 635, 642 (Wash., 1939). The Underlying Lawsuit alleges that Miggy attempted to impose additional fees on the Claimants and

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 14
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

disposed of the Claimant's property when the fees were not paid:

> 3.7 While Plaintiffs' personal belongings were in transit, Miggy called Plaintiffs and demanded they pay additional fees. Numerous times, Miggy also attempted to charge Mr. Israel's credit card amounts that Mr. Israel never agreed to pay. When Plaintiffs refused to pay additional fees, Miggy refused to return Plaintiffs (sic) personal belongings. **Instead of returning Plaintiffs' personal belongings, Miggy told Plaintiffs that they had disposed of some of Plaintiffs' personal belongings at the Factoria dump**.

ECF No. 15, p. 6 (emphasis added).

To the extent that Miggy had malicious intent to commit harm to Claimants' property, coverage is excluded.

The Cargo Coverage Part also specifically excludes coverage for voluntarily parting or non-delivery of property due to fraudulent scheme, trick, or false pretense. ECF No. 26-1, Policy Form Z434 (02/19). Based on the allegations against Miggy in the Underlying Lawsuit, Miggy's failure to deliver Claimants' personal belongings resulted in non-delivery. Additionally, because Miggy stored the Claimants' belongings in a storage unit as a result of Claimants' non-payment, Miggy voluntarily parted with the property in its possession due to fraudulent scheme, trick, or false pretense. To the extent that Miggy engaged in voluntary parting or non-delivery of Claimants' property, coverage is explicitly excluded under the Cargo Coverage Part.

For the reasons stated above, coverage is not available under the Cargo Coverage Part of the UFCC Policy.

## IV. CONCLUSION

UFCC asks that the Court enter Summary Judgment against Miguel A. Lopez, Aidan Israel, and Chalse Okorom.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 15
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

DATED this 26th day of March 2024.

*The undersigned certifies that this memorandum contains 4,048 words, in compliance with the Local Civil Rules.*

LETHER LAW GROUP

*/s/ Eric Neal*
Eric Neal, WSBA #31863
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
P: 206-467-5444 F: 206-467-5544
eneal@letherlaw.com
*Attorney for United Financial Casualty Company*

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 16
CAUSE NO.: 2:23-cv-510-JNW

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under the penalty of perjury under the laws of the United States of America that on this date they caused to be served in the manner noted below a true and correct copy of the foregoing on the following parties:

> Sam Leonard
> Leonard Law, PLLC
> 9030 35th Ave. SW, Ste. 100
> Sam@SeattleDebtDefense.com

**By: [X] ECF**

> Miguel A. Lopez
> 4164 124th Avenue Southeast Apt 302
> Bellevue, WA 98006
> miggy@miggymover.com

**By: [X] Email & First Class Mail**

Dated this 26th day of March 2024 at Seattle, Washington.

/s/ Judy Tustison
Judy Tustison | Paralegal

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 17
CAUSE NO.: 2:23-cv-510-JNW

Lether Law Group
1848 Westlake Avenue N. Ste. 100
Seattle, Washington 98109
P: (206) 467-5444  F: (206) 467-5544